United States District Court

For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    DASARATHI RAGHUNATH,

8                     Petitioner,                    No. C 07-6285 PJH (PR)

9       vs.                                          **ORDER FOR PETITIONER TO
                                                     SHOW CAUSE WHY**
10   EDMUND JERRY BROWN, Attorney                    **PETITION SHOULD NOT BE**
     General,                                        **DISMISSED**
11
                      Respondent.
12   _____/

13          This habeas petition was filed by a detainee at the Eloy Detention Center in Eloy,

14   Arizona.  The petition, which is brought under 28 U.S.C. § 2254, is directed to petitioner's

15   criminal conviction in Santa Clara County, which is in this district.

16          In the petition Raghunath alleges the following: The conviction being challenged was

17   entered in 1992 pursuant to petitioner's plea of guilty to the felony of annoying a child, *see*

18   Cal. Penal Code § 647.6, and to the misdemeanor of indecent exposure, *see* Cal. Penal

19   Code § 314.  Sentence was suspended and petitioner was placed on probation for three

20   years.  In 2004, having successfully completed probation, the criminal record was

21   expunged.[1]  Petitioner is now detained by ICE for deportation because of the conviction.

22          The United States Court of Appeals for the Ninth Circuit has addressed the issue of

23   whether a petitioner who is no longer "in custody" on the state sentence and is held for

24   deportation can attack the sentence by way of a habeas petition under Section 2254, like

25   this one, or perhaps by way of a petition under 28 U.S.C. § 2241.  *See Resendez v.*

26

27   _____

28        [1] Petitioner does not say why the expungement was so long after completion of
     probation.

1    *Kovensky,* 416 F.3d 952 (9th Cir. 2005).  The court held that neither is permissible.  *Id.* at

2    961.

3         In view of *Resendez*, it appears that petitioner cannot maintain this federal habeas

4    action.[2]  He is **ORDERED** to show cause within thirty days of the date this order is entered

5    why this case should not be dismissed.  If he fails to establish cause not to dismiss it, or if

6    he does not respond, this case will be dismissed and the file will be closed.

7         **IT IS SO ORDERED.**

8    Dated:  December 21, 2007.    _____

9                                      PHYLLIS J. HAMILTON
                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21    G:\PRO-SE\PJH\HC.07\RAGHUNATH6285.OSC.wpd

22    _____

23         [2]  In *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005), the Ninth Circuit reversed
     the denial of a petition for a writ of coram nobis filed by an INS detainee and directed to an
     expired federal conviction.  *Id.* at 1011-12.  The United States Supreme Court has specifically

24    said that coram nobis is an appropriate way to attack an expired federal conviction, *United
     States v. Morgan*, 346 U.S. 502, 505 n.4 (1954), so the propriety of using it was not at issue

25    in *Kwan*.  Coram nobis, however, is not applicable to state convictions such as petitioner's.
     *See Sinclair v. Louisiana*, 679 F.2d 513, 513-15 (5th Cir. 1982); *see also Yasui v. United*

26    *States*, 772 F.2d 1496, 1498 (9th Cir.1985) ( "the writ of error coram nobis fills a void in the
     availability of post-conviction remedies in federal criminal cases" ); Madigan v. Wells, 224 F.2d

27    577, 578 n.2 (9th Cir. 1955) (writ of error coram nobis can only issue to aid jurisdiction of court
     in which conviction was had).  The court thus will not sua sponte construe the petition as being

28    for coram nobis.