UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DASARATHI RAGHUNATH,

           Petitioner,                      No. C 07-6285 PJH (PR)

  vs.                                            **ORDER OF DISMISSAL**

EDMUND JERRY BROWN, Attorney General,

           Respondent.

          This habeas petition was filed by a detainee at the Eloy Detention Center in Eloy, Arizona. The petition, which is brought under 28 U.S.C. § 2254, is directed to petitioner's criminal conviction in Santa Clara County, which is in this district.

          In the petition Raghunath challenged a conviction which was entered in 1992 pursuant to a plea of guilty to the felony of annoying a child, *see* Cal. Penal Code § 647.6, and to the misdemeanor of indecent exposure, *see* Cal. Penal Code § 314. Sentence was suspended and petitioner was placed on probation for three years. In 2004, having successfully completed probation, the criminal record was expunged.[1] Petitioner is now detained by ICE for deportation because of the conviction.

          In its initial review order, the court noted that the United States Court of Appeals for the Ninth Circuit has addressed the issue of whether a petitioner who is no longer "in custody" on the state sentence and is held for deportation can attack the sentence by way of a habeas petition under Section 2254, like this one, or perhaps by way of a petition

---

[1] Petitioner does not say why the expungement was so long after completion of probation.

under 28 U.S.C. § 2241.  *See Resendez v. Kovensky,* 416 F.3d 952 (9th Cir. 2005).  The court held that neither is permissible.  *Id.* at 961.  Petitioner therefore was ordered to show cause why the case should not be dismissed on the authority of *Resendez*.  He has responded.

Petitioner argues that he is in custody as a result of the state conviction, albeit indirectly; this argument, however, is meritless in light of *Resendez*.  He also argues that he is not attacking his order of removal, but rather is attacking the state conviction.  This misses the point, which is that he is not "in custody" on the state conviction, so does not meet the statutory "in custody" requirement.  His contention his ineffective assistance claim is the same as a claim that counsel was not allowed is clearly incorrect.  And the court need not withhold ruling pending a decision by the California Supreme Court on a similar state law question, because there is a controlling Ninth Circuit case, *Resendez*, resolving the federal question.  For these reasons, petitioner has failed to show cause why the petition should not be dismissed.

The petition is **DISMISSED**.  The clerk shall close the case.

**IT IS SO ORDERED.**

Dated:  July 31, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\RAGHUNATH6285.DSM.wpd

2